UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re: | Case No.: 18-16169 |
| **Daniel Jason Smith** | Chapter 7 |
| Debtor(s). | Judge Jessica E. Price Smith |
| | \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* |
| | <u>**MOTION OF THE BANK OF NEW YORK MELLON AS INDENTURE TRUSTEE FOR NATIONSTAR HOME EQUITY LOAN TRUST 2009-A FOR RELIEF FROM STAY AND ABANDONMENT (FIRST MORTGAGE)**</u> |
| | **4126 Forestlawn Avenue, Sheffield Lake, OH 44054** |

The Bank of New York Mellon as Indenture Trustee for Nationstar Home Equity Loan Trust 2009-A (the "**Creditor**") moves this Court, under Bankruptcy Code §§ 361, 362, 363 and other sections of Title 11 of the United States Code, and under Federal Rules of Bankruptcy Procedure 4001 and 6007, and under Local Bankruptcy Rule 4001-1 for an order conditioning, modifying or dissolving the automatic stay imposed by Bankruptcy Code § 362 and for abandonment of property under Bankruptcy Code § 554.

<u>**MEMORANDUM IN SUPPORT**</u>

1. The Court has jurisdiction over this matter under 28 U.S.C §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The venue of this case and this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

18-031580_VMP

2. On January 30, 2001, Daniel Jason Smith ("Debtor") obtained a loan from Centex Home Equity Corporation in the amount of $130,500.00. Such loan was evidenced by a Balloon Note dated January 30, 2001 (the "Note"), a copy of which is attached as Exhibit A.

3. To secure payment of the Note and performance of the other terms contained in it, the Debtor and Tammy M. Smith executed an Open-End Mortgage in favor of Centex Home Equity Corporation dated January 30, 2001 (the "Security Agreement"). The Security Agreement granted a lien on the real property located at 4126 Forestlawn Avenue, Sheffield Lake, OH 44054 owned by the Debtor (the "Collateral"). The Collateral is more fully described in the Security Agreement (check one):

☒ attached as Exhibit B;

OR

☐ contained in the Note, attached as Exhibit A.

4. **The loan was modified as set forth in the Home Affordable Modification Agreement attached as Exhibit C.**

5. The lien created by the Security Agreement was duly perfected by:

☒ Filing of the Security Agreement in the office of the Lorain County Recorder on February 7, 2001.

☐ Filing of the UCC-1 Financing Statement in the office of _____ _____on <DATE>.

☐ Notation of the lien on the Certificate of Title.

☐ Other (state with particularity) _____

A copy of the recorded Security Agreement, UCC-1 Financing Statement, Certificate of Title or other document, as applicable, is attached as Exhibit B. Based on Debtor's Schedule D, the lien is the first lien on the Collateral.

6. The entity in possession of the original Note as of the date of this motion, is **Creditor**.

18-031580_VMP

7. The entity servicing the loan is Nationstar Mortgage LLC d/b/a Mr. Cooper.

8. The Note was transferred, as evidenced by the following:

   a. If the Collateral is real estate:

      i. Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from the original lender (check only one):

         ☐ N/A.

         OR

         ☐ By endorsement on the Note, payable to _____.

         OR

         ☐ By blank endorsement on the Note.

         OR

         ☐ By allonge attached to the Note, payable to _____.

         OR

         ☒ By blank allonge, attached to the Note. **Because the allonge is in blank and Creditor is in possession of the original Note, Creditor is entitled to enforce the instrument.**

         OR

         ☐ The Note is not endorsed to the **Creditor**, or is not endorsed in blank with an allegation that the **Creditor** is in possession of the original Note. The factual and legal basis upon which the **Creditor** is entitled to bring this motion is (explain with particularity and attach supporting documentation): _____.

         OR

         ☐ By endorsement on the Note or by allonge attached to the Note, through a power of attorney. If this box is checked, a copy of the power of attorney is attached as Exhibit <__>.

18-031580_VMP

       Explain why it provides **Creditor** the authority to endorse the Note: _____

  ii.  Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from the <FIRST TRANSFEREE> to <_____> [ADD ADDITIONAL TRANSFER SECTIONS AS APPROPRIATE. THE LAST TRANSFEREE MUST BE THE CREDITOR].

  iii.  A court has already determined that **Creditor** has the ability to enforce the Note and Security Agreement with a judgment dated <INSERT DATE OF JUDGMENT> in the <INSERT NAME OF COURT>. A copy of the judgment is attached as Exhibit <__>.

  iv.  Other: _____ [explain].

b. If the Collateral is not real estate (check one):

☒ N/A.

OR

☐ From the original lender to <FIRST TRANSFEREE> by <STATE METHOD OR DOCUMENT EFFECTING TRANSFER>.[ADD ADDITIONAL TRANSFER SECTIONS AS APPROPRIATE. THE LAST TRANSFEREE MUST BE THE CREDITOR.]

9. The Security Agreement was transferred as follows (check one):

☐ N/A.

OR

☒ From NationStar Mortgage LLC F/K/A Centex Home Equity Company, LLC F/K/A to Centex Credit Corporation D/B/A Centex Home Equity Corporation on June 22, 2017 to The Bank of New York Mellon As Indenture Trustee For NationStar Home Equity Loan Trust 2009-A. The transfer is evidenced by the document attached to this Motion as Exhibit D.

**Nationstar Mortgage LLC is the successor in interest to Centex Home Equity Company, LLC as described in detail in the Certificate of Amendment attached to the Motion as Exhibit E.**

18-031580_VMP

18-16169-jps Doc 8 FILED 11/12/18 ENTERED 11/12/18 18:23:22 Page 4 of 8

10. **Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase order, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements in support of right to seek a lift of the automatic stay and foreclose if necessary.**

11. The value of the Collateral is $107,090.00. This valuation is based on the 2017 Lorain County Auditor's tax record.

12. As of **October 17, 2018**, there is currently due and owing on the Note the outstanding principal balance of $112,693.07, plus interest accruing thereon at the rate of 3.125% per annum ($9.65 per day) from January 1, 2017, as described in more detail on the worksheet. The total provided in this paragraph cannot be relied upon as a payoff quotation.

13. The amount due and owing on the Note as set forth in paragraph 12 does not include a credit for the sum held in a suspense account by the **Creditor**. The amount of the credit is $0.00.

14. Other parties **believed** to have an interest in the Collateral besides the debtor(s), the **Creditor**, and the trustee are (check all that apply):

    - ☐ N/A.
    - ☒ The Lorain County Treasurer, for real estate taxes, **in an unknown amount.**
    - ☒ Tammy M. Smith.
    - ☐ <ANY OTHER PARTY HOLDING A LIEN, IF APPLICABLE, IN THE AMOUNT OF $_____ [ADD ADDITIONAL PARTIES AS APPROPRIATE>.

15. The **Creditor** is entitled to relief from the automatic stay under Bankruptcy Code § 362(d) for these reason(s) (check all that apply):

18-031580_VMP

☒ Debtor has failed to provide adequate protection for the lien held by the **Creditor** for **the reasons stated in the boxes checked below**.

☐ Debtor has failed to keep the Collateral insured as required by the Security Agreement.

☐ Debtor has failed to keep current the real estate taxes owed on the Collateral.

☒ **Debtor has failed to make periodic payments or has made partial payments to Creditor for the months of February 2017 through October 2018, which unpaid payments are in the aggregate amount of $17,154.45. The total provided in this paragraph cannot be relied upon as a reinstatement quotation.**

☒ **The balance on Creditor's first mortgage exceeds the value of the Collateral. Based upon the lack of equity in the Collateral, Creditor asserts that the Collateral is burdensome and/or of inconsequential value and benefit to the estate.**

☒ Other cause (set forth with specificity): Debtor's Statement of Intention provides for surrender of Collateral.

16. **Creditor** has completed the worksheet attached as Exhibit F.

17. **Creditor** is entitled to an order directing the trustee to abandon the Collateral under 11 U.S.C. § 554(b) for these reasons (check all that apply):

    ☒ **The Collateral is burdensome to the estate because the balance on Creditor's first mortgage exceeds the value of the Collateral. Based upon the lack of equity in the Collateral, Creditor asserts that the Collateral is burdensome and/or of inconsequential value and benefit to the estate.**

    ☒ The Collateral is of inconsequential value and benefit to the estate because upon liquidation of the Collateral no proceeds will remain for the benefit of the estate.

WHEREFORE, **Creditor** prays for an order from the Court:

(a) granting **Creditor** relief from the automatic stay of Bankruptcy Code § 362 to permit **Creditor** to proceed under applicable nonbankruptcy law; AND

(b) AUTHORIZING AND DIRECTING THE CHAPTER 7 TRUSTEE TO ABANDON THE COLLATERAL UNDER BANKRUPTCY CODE § 554.

18-031580_VMP

Respectfully submitted,

_____
Stephen R. Franks (0075345)
Edward H. Cahill (0088985)
Adam B. Hall (0088234)
John R. Cummins (0036811)
Karina Velter (94781)
Sarah E. Barngrover (28840-64)
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH 43216-5028
Telephone: 614-220-5611
Fax: 614-627-8181
Attorneys for Creditor
The case attorney for this file is Stephen R. Franks.
Contact email is srfranks@manleydeas.com

18-031580_VMP

# CERTIFICATE OF SERVICE

This is to certify that on November  12 , 2018, a true and accurate copy of the foregoing Motion for Relief from Stay and Abandonment on First Mortgage for Real Property Located at 4126 Forestlawn Avenue, Sheffield Lake, OH 44054 was served:

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

- Office of U.S. Trustee, Northern District of Ohio, Party of Interest, (Registered address)@usdoj.gov

- Virgil E. Brown, Jr., Chapter 7 Trustee, virgil@vebtrustee.com

- William J. Balena, Attorney for Daniel Jason Smith, docket@ohbksource.com

and on the below listed parties by regular U.S. mail, postage prepaid:

- Daniel Jason Smith and Tammy M. Smith, 4126 Forestlawn Avenue, Sheffield Lake, OH 44054

- Lorain County Treasurer, 226 Middle Avenue, Elyria, OH  44035

/s/Stephen R. Franks

18-031580_VMP